UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
THOMAS E. GUST,                     )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   Civil Action No. 10-cv-00252 (ABJ)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                Defendant.          )
_____)

# MEMORANDUM OPINION

Before the Court is defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant contends that the Court lacks subject matter jurisdiction over three counts in the complaint and that plaintiff fails to state a claim upon which relief can be granted for the remaining three counts. For the reasons stated below, defendant's motion to dismiss will be granted.

## BACKGROUND

Plaintiff Thomas E. Gust, proceeding *pro se*, brings this action against defendant, the United States of America, alleging six counts under the Taxpayer's Bill of Rights, 26 U.S.C. § 7433 (2006). He avers generally that the Internal Revenue Service ("IRS") "recklessly and/or intentionally, and/or by reason of willful negligence, violated, disregarded, and/or simply ignored several provisions of federal law, resulting in collection activities which the IRS personnel knew or should have known were unlawful." Compl. ¶ 3. In its motion to dismiss, Defendant argues that the Court lacks jurisdiction over Counts I, II, and III because section 7433 "only waives sovereign immunity from suits relating to actions taken in connection with tax

*collection.*" *See* Def.'s Mem. at 2 (emphasis in original). Defendant further contends that Counts IV, V and VI fail to state a claim upon which relief can be granted because "they do not allege concrete facts[] and do not describe violations of the Internal Revenue Code." *Id.*

## ANALYSIS

### I. Standard of Review

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). Where the action is brought by a plaintiff proceeding *pro se*, "the court must take particular care to construe plaintiff's filings liberally, for such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Cheeks v. Fort Myers Constr. Co.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)).

#### A. Rule 12(b)(1) Motion to Dismiss

Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1995); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court with limited jurisdiction, we begin, and end, with

examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement, [. . .] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Moreover, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "need not limit itself to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986) *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1993); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### B. Rule 12(b)(6) Motion to Dismiss

"To survive a [Rule 12(b)(6)] motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. Pro. 8(a)(2)). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action,"

*id.*, (quoting *Twombly*, 550 U.S. at 570), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

## II. Lack of Jurisdiction Under Rule 12(b)(1)

Defendant argues that Counts I, II, and III in plaintiff's complaint concern the IRS's "determination of tax liabilities" and are therefore tax assessment activities as opposed to collection practices. *See* Def.'s Mem. at 2. Defendant argues that this leaves the Court without subject matter jurisdiction under section 7433. *Id.* The Court agrees.

The United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Such consent may not be implied; it must be "unequivocally expressed." *United States v. Nordic Vills., Inc.*, 503 U.S. 30, 33–34 (1992). Waivers of sovereign immunity are "strictly construed . . . [and] in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). If sovereign immunity has not been waived, federal courts lack subject matter jurisdiction over the claims. *See Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) ("a plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss.").

Plaintiff brings his claims under the Taxpayer's Bills of Rights, 26 U.S.C. § 7433, which includes a limited waiver of sovereign immunity. Section 7433 provides in relevant part:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States . . . . such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7333(a).

A number of circuits, as well as several judges in this district, have examined the plain language of this statute and have concluded that a cause of action exists only for claims related to the *collection* of income taxes and not for claims related to the investigation or assessment of taxes.[1] *See, e.g., Miller v. United States*, 66 F.3d 220, 222-23 (9th Cir. 1995) ("[A] taxpayer cannot seek damages under [section] 7433 for improper assessment of taxes.") (internal quotations and citations omitted); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994) (affirming district court determination that IRS activity unrelated to tax collection was not actionable under section 7433); *Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir. 1992) ("[A]n action under [section 7433] may not be based on alleged . . . disregard in connection with determination of tax.") (internal quotations and citations omitted); *Bean v. United States*, 538 F. Supp. 2d 220, 225 (D.D.C. 2008) ("This [c]ourt now joins the well-supported holdings of other courts in this District that [s]ection 7433 does not provide a cause of action for actions not related to the

---

1   Because the difference between tax collection and tax assessment may not be readily apparent, courts have defined an assessment as "a mere determination of tax liability which must precede any collection action by the IRS." *Dockery v. U. S. Dep't of Treasury*, 593 F. Supp. 2d 258, 260 (D.D.C. 2009) (quoting *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994)). Alternatively, a claim for improper collection practices alleges that "the IRS did not follow the prescribed methods of acquiring assets." *Id*.

5

collection of income tax."); *Buaiz v. United States*, 471 F. Supp. 2d 129, 135 (D.D.C. 2007) ("[O]nly actions in connection with the collection of taxes are actionable; conduct associated with investigation or assessment of income tax is beyond the statute's waiver of sovereign immunity."); *Wesselman v. United States*, 501 F. Supp. 2d 98, 101 (D.D.C. 2007) (same).

In Count I, plaintiff alleges that the IRS maintained inaccurate records about him and based on these records, penalized him for failing to file tax returns. Compl. ¶¶ 4-5. Plaintiff attempts to characterize this claim as one related to tax collection by alleging that "IRS personnel penalized Plaintiff for not filing [taxes] and engaged in collection activities, while ignoring specific written requests for records correction and assessment certificates." Compl. ¶ 5. Plaintiff's allegations in Count I are unclear, but it is obvious when Count I is read in its entirety that it actually concerns investigation and assessment procedures. *See* Compl. ¶ 4 (emphasizing IRS's alleged improper recordkeeping and assessment of penalties). Because plaintiff's statement about "collection activities" is wholly unrelated to the other allegations in the count, it appears that plaintiff added it solely to preserve the Court's jurisdiction over the claim.[2] Plaintiff cannot transform his claim into one within the scope of section 7433 by invoking the phrase "collection activities" when the claim actually challenges a different function of the IRS. *See Buaiz*, 471 F. Supp. 2d at 136 ("Claims that the IRS . . . acted improperly in the course of investigating a taxpayer [] fall outside the limited waiver of sovereign immunity in [section] 7433."); *Brewer v. Comm'r of Internal Revenue*, 430 F. Supp. 2d at 1254, 1260 (S.D. Ala. 2006)

---

2    Plaintiff argues that the distinction between tax collection and tax assessment is improper because "there can be no collection if there is no determination of liability, and . . . that the two are so inextricably intertwined that the one cannot be separated from the other." Pl.'s Opp. at 2. Other courts that have examined section 7433 have rejected similar arguments from plaintiffs. *See, e.g.*, *Buiaz*, 471 F. Supp. 2d at 136-137 ("Only a narrow interpretation of [section] 7433 can be harmonized with Congress's goal that the federal judiciary have limited jurisdiction in cases arising under the [Tax] Code."). The Court is persuaded by the sound reasoning expressed in the *Buiaz* case as well as many others and rejects plaintiff's argument.

(Plaintiff's reference to collection activity "does not transform the taxpayer's complaint into alleging improper collection procedures."). Thus, the Court lacks jurisdiction over this claim.

The Court similarly lacks jurisdiction over Count II. In that claim, plaintiff alleges that the IRS failed to respond to his requests for certificates of assessment, which he alleges are the "legal document[s] that permit[] collection activity." Compl. ¶ 6. But even if these certificates of assessment eventually led to the collection of taxes, plaintiff's claim concerns the IRS' failure to disclose these documents to plaintiff. Such a claim is unrelated to tax collection and falls outside the scope of section 7433. *See Buaiz*, 471 F. Supp. 2d at 136 (dismissing similar claims related to the IRS alleged failure to disclose tax assessments and other records); *Wessleman*, 501 F. Supp .2d at 101 (dismissing claims that defendant failed to disclose "assessments upon plaintiff's request").

The same is true for Count III of plaintiff's complaint, which alleges that the IRS did not follow proper procedures when preparing a substitute tax return for plaintiff after he failed to file his own return. Compl. ¶¶ 8-11. Once again, this claim is not within the Court's jurisdiction because it does not concern collection practices. *See Wesselman*, 501 F. Supp. 2d at 101 (dismissing similar claims regarding defendant's alleged "failure to prepare substitute tax returns on plaintiff's behalf" because they "do not arise from efforts to collect taxes"); *Bean*, 538 F. Supp. 2d at 225 (dismissing claim for failure to prepare substitute tax return as unrelated to tax collection efforts). Accordingly, Counts I, II, and III will be dismissed for lack of jurisdiction under Rule 12(b)(1) because they "do not arise from tax collection activities." *Eliason v. United States*, 551 F. Supp. 2d 63, 65 (D.D.C. 2008) (dismissing virtually identical claims brought by *pro se* plaintiff alleging similar wrongdoing by the IRS).

**III.    Failure to State a Claim Under Rule 12(b)(6)**

Plaintiff's remaining claims (Counts IV, V and VI) fail to state a claim upon which relief can be granted and must be dismissed. Count IV alleges that lien documents dated April 12, 2007, were not personally signed by the IRS employee who processed them. Even if such a signature were required by law — and defendant argues that it is not — plaintiff's claim falls outside the two-year statute of limitations. *See* 26 U.S.C. § 7433(d)(3) ("an action to enforce liability created under this section . . . may be brought only within 2 years after the date of the right of action accrues"); 26 C.F.R. § 301.7432-1(h)(i)(2) ("[A] cause of action accrues when [plaintiff] had a reasonable opportunity to discover all essential elements of a possible cause of action.") Plaintiff alleges that the lien is dated April 12, 2007, but does not indicate that he learned of the lien on a different date.[3] Thus, the statute of limitations expired on April 12, 2009. Because plaintiff did not file his lawsuit until February 17, 2010, Count VI is barred by the statute of limitations.

While the remaining claims can be accurately described as relating to tax collection efforts and therefore within the Court's jurisdiction, plaintiff's allegations are entirely conclusory and fail to allege sufficient factual information that would "allow the court to draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 129 S. Ct. at 1949. Counts V and VI allege that the IRS continued to engaged in collection activity despite an agency reorganization under the 1998 IRS Restructuring and Reform Act ("RRA") which eliminated previously used terms such as "district directors" and "revenue districts" from the

---

3     There are no other facts suggesting that plaintiff did not have "a reasonable opportunity to discover all essential elements" of his potential cause of action. *See Long v. United States*, 604 F. Supp. 2d 119, 121 (D.D.C. 2009) (finding that plaintiffs had "a reasonable opportunity to discover all the essential elements of their cause of action when they first learned of the tax lien").

statutory scheme. *See* Compl. at 7-8. Plaintiff contends that other regulations that are still in force continue to reference these outdated terms, s*ee* 26 C.F.R. §§ 301.6201-1, 301.6203-1, and it is somehow improper for the IRS to collect taxes while these references exist.

Even construing plaintiff's filings liberally given his *pro se* status, this is not a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1949. Plaintiff fails to allege that the agency reorganization under the RRA had any impact on the IRS's legal authority to collect taxes or that the IRS violates a federal law or regulation by continuing to do so. According to defendant, "Congress expressly meant for the reorganization [in the RRA], to the extent it made certain statutory labels obsolete, to have no impact on the [IRS's] authority to collect taxes." Def.'s Mem. at 3 (citing H.R. Rep. No. 105-599, at 194 (1998) (Conf. Rep.) ("The legality of IRS [a]ctions will not be affected pending further appropriate statutory changes relating to such a reorganization (e.g., eliminating statutory references to obsolete positions.")). Plaintiff responds that the Court cannot properly evaluate legislative history when considering a motion to dismiss under Rule 12(b)(6) without converting it to a motion for summary judgment under Rule 56. *See* Pl.'s Opp. at 6. But the Court does not need to address this question nor even evaluate the legislative history to determine that plaintiff does not state a plausible claim. Plaintiff does not identify any statute or regulation that the IRS allegedly violated by collecting taxes after the reorganization. The statutes and regulations to which plaintiff cites only reference the terms he considers outdated and do not support his claim that the IRS "disregard[ed] any provision . . . or any regulation [of the Tax Code]." 26 U.S.C. § 7333(a). Accordingly, Counts IV, V, and VI will be dismissed for failure to state claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. An appropriate order will issue this same day.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: June 6, 2011